*H. C. Newcomb* and *John Tarkington*, for the State.

*W. R. Harrison*, for the appellee.

---

## KNOUR *v.* WAGONER.

Suit against *A.*, to recover damages for turning the plaintiff's sheep out of his, *A.'s*, field, and driving them so far away that they strayed and were lost.

*Held*, that if the sheep broke into *A.'s* field, he had the right to turn them out into the highway, but had no right to drive them so far away as to cause their loss.

*Held*, also, that if *A.'s* cattle knocked down a partition fence, and thereby the sheep of his neighbor escaped into his field, he would have no right to turn them out into the highway.

May Term, 1861.

KNOUR
v.
WAGONER.

APPEAL from the *Warren* Common Pleas.

*Friday, June 14.*

WORDEN, J.—Suit by *Wagoner*, against *Knour*, to recover damages for driving the plaintiff's sheep out of the defendant's field, so far upon the commons that they strayed away, and became lost to the plaintiff.

Trial; verdict, and judgment for the plaintiff.

On the trial, the Court gave the following instructions to the jury, to which the defendant excepted, viz.,

"1. If *Knour* turned these sheep out of the pasture into the road, and then drove them off to such a distance that they became lost, *Knour* is liable, without reference to the question how the sheep got into his pasture."

2. "If the sheep escaped from *Wagoner's* inclosure into *Knour's* inclosure, through a defect in the fence, caused by *Knour's* cattle, and *Knour* turned the sheep into the road, and they strayed and were lost, then *Knour* is liable; but if *Wagoner's* horses broke down the fence, then *Knour* is not liable."

The following charge was also given, at the instance of the defendant, viz.,

"If the sheep broke, or went, into *Knour's* pasture, he would have a right to turn them out into the road, without making himself liable for damages to *Wagoner*."

These charges, taken together, are fully as favorable to the defendant as he could ask. The first, in connection with the last, amounts to this: that if the sheep broke into the defendant's field, he would have the right to turn them out into the road; but having turned them out, he would have no right to drive them off to such a distance as to become lost.

The second charge asserts, in substance, this proposition: that if the defendant's cattle knocked down the partition fence between the parties, whereby the plaintiff's sheep escaped from his, into the defendant's, premises, the defendant had no right to turn them out into the road.

Suppose the defendant himself, instead of his cattle, had thrown down the fence, it is not perceived that the case would be materially changed. It cannot, with much plausibility, be

contended that one of two adjoining proprietors may lawfully throw down the division fence between them, and toll his neighbor's cattle on to his own premises, and then turn them out into the public highway.

We cannot disturb the verdict on the evidence, as that strongly tends to support it.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*R. A. Chandler*, for the appellant.

*J. H. Brown* and *J. Park*, for the appellee.